UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAMID KAZEROONI, <br><br> Plaintiff, <br><br> v. <br><br> GENA TORRES, <br><br> Defendant. | Case No. 2:20-cv-00463-TLN-DB <br><br> **SUA SPONTE REMAND ORDER** |

This matter is before the Court pursuant to Defendant Gena Torres's ("Defendant") Notice of Removal and Motion to Proceed in Forma Pauperis. (ECF Nos. 1–2.) For the reasons set forth below, Defendant's Motion to Proceed in Forma Pauperis (ECF No. 2) is DENIED as moot, and the Court hereby REMANDS the action to the Superior Court of California, County of Sacramento, due to lack of subject matter jurisdiction.

**I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On February 3, 2020, Plaintiff Hamid Kazerooni ("Plaintiff") brought an action for unlawful detainer against Defendant for possession of real property known as 210 Battlecreek Circle, Sacramento, California, 95835 ("the Property"). (ECF No. 1 at 9.) On March 2, 2020, Defendant filed a Notice of Removal removing this unlawful detainer action from the Sacramento County Superior Court. (ECF No. 1.)

///

1

## II. STANDARD OF LAW

28 U.S.C. § 1441 permits the removal to federal court of any civil action over which "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "Removal is proper only if the court could have exercised jurisdiction over the action had it originally been filed in federal court." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). Furthermore, "[i]f the district court at any time determines that it lacks subject matter jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838, *as amended*, 387 F.3d 966 (9th Cir. 2004), *cert. denied* 544 U.S. 974 (2005).

Federal question jurisdiction is set forth in 28 U.S.C. § 1331. *See* 28 U.S.C. § 1331. The "presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 386. Federal question jurisdiction therefore cannot be based on a defense, counterclaim, cross-claim, or third-party claim raising a federal question. *See Vaden v. Discover Bank*, 556 U.S. 49 (2009); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

## III. ANALYSIS

Defendant removed this action on the basis of federal question jurisdiction. (ECF No. 1-1 at 1.) Defendant argues that Plaintiff's claim involves the federal Protecting Tenants at Foreclosure Act of 2009 ("PTFA"), 12 U.S.C. § 5220. (ECF No. 1 at 2–4, 8.) "[The PTFA] provides protections to tenants who reside in properties subject to foreclosure, including the requirement that a 90-day notice to vacate be given to bona fide tenants." *Granite Ranch Opportunities, LLC v. Huaman*, No. 2:13-cv-1958-KJM-AC, 2013 WL 12121093, at *1 (E.D. Cal. Sept. 23, 2013).

Despite Plaintiff's assertion, it is clear that the Complaint itself contains only a single

claim for unlawful detainer. (ECF No. 1 at 9–11.) The instant Complaint therefore relies solely on California state law and does not state any claims under federal law. Based on the well-pleaded complaint rule as articulated above, removal cannot be based on a defense, counterclaim, cross-claim, or third-party claim raising a federal question. *Caterpillar Inc.*, 482 U.S. at 392; *see also Vaden*, 556 U.S. at 49; *Hunter v. Philip Morris USA*, 582 F.3d at 1042–43. Although Defendant asserts that the PTFA is "not a defense" but is instead "the entire basis for the action," she is incorrect. (ECF No. 1 at 7.) "[D]efendant[']s assertions of the 'Protecting Tenants at Foreclosure Act' are best characterized as defenses or potential counterclaims; neither of which are considered in evaluating whether a federal question appears on the face of a plaintiff's complaint." *First Northern Bank of Dixon v. Hatanaka*, No. 2:11-cv-02976-MCE-KJN, 2011 WL 6328713, at *4 (E.D. Cal. Dec. 16, 2011) (citation omitted). "[F]ederal district courts have held that a defense based on the Protecting Tenants at Foreclosure Act cannot serve as a basis for removal jurisdiction." *Aurora Loan Servs., LLC v. Montoya*, No. 2:11-cv-2485-MCE-KJN, 2011 WL 5508926, at *4 (E.D. Cal. Nov. 9, 2011).

In sum, while Defendant seems to contend that Plaintiff has violated the PTFA, this assertion relates only to an affirmative defense or potential counterclaim, which cannot be considered in evaluating whether a federal question appears on the face of Plaintiff's Complaint. *See Vaden*, 556 U.S. at 60-62. Because the Complaint indicates that the only cause of action is one for unlawful detainer, which arises solely under state law, this action does not arise under federal law. There being no apparent grounds for federal jurisdiction, it is appropriate to remand this case, *sua sponte*, for lack of federal subject matter jurisdiction. *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) ("[T]he district court ha[s] a duty to establish subject matter jurisdiction over the removed action *sua sponte,* whether the parties raised the issue or not.").

///

///

///

///

## IV. CONCLUSION

For the reasons stated above, Defendant's motion to proceed in forma pauperis (ECF No. 2) is DENIED as moot, and the Court hereby REMANDS this action to the Superior Court of California, County of Sacramento.

IT IS SO ORDERED.

Dated: March 10, 2020

Troy L. Nunley
United States District Judge